UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DIANE VILLAVINCENCIO, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-604 |
| ) | |
| v. ) | Honorable Janet T. Neff |
| ) | |
| FAIRVIEW NURSING CENTER, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| _____ ) | |

This is a civil rights action brought by a *pro se* plaintiff, arising from alleged discrimination by her former employee on account of race. Because plaintiff is proceeding *in forma pauperis*, the U.S. Marshal served process on her behalf. The Marshal's return of service (docket # 6) shows that defendant's executive director acknowledged receipt of the summons and complaint by mail on July 24, 2007. When the defendant corporation failed to respond to the complaint, plaintiff moved for the entry of a default. The Clerk entered a default on October 15, 2007. (docket # 10). Plaintiff thereafter filed a motion for the entry of a default judgment, which the Clerk served on defendant by certified mail. Shortly thereafter, defendant filed its motion to set aside the default.

By notice entered November 27, 2007 (docket # 17), this court set both the motion for entry of a default judgment and the motion to set aside the default for hearing on December 18, 2007, at 10:00 a.m. in the Grand Rapids courthouse. The weather on the morning of December 18, 2007, was clear, and all main roads in the state were free of ice and snow. Defense counsel's office called at approximately 9:30 a.m. to say that counsel would be delayed for a period of hours.

Plaintiff appeared at approximately 10:00 a.m., at which time defense counsel was still approximately two hours away from the courthouse. Plaintiff informed the court that she was unable to await defense counsel's arrival, as she had taken only one-half day off from work. In the circumstances, the court had no choice but to cancel the hearing and to decide the pending motions on the basis of the papers submitted. *See* W.D. MICH. LCIVR 7.3(d). Defense counsel is admonished that, as an officer of this court, he should not accept the defense of cases in courts located hours away from his office unless he can assure attendance at court hearings. Any future recurrence of this problem will be met with sanctions.

The court will first take up defendant's motion to set aside the default. If the default is not aside, only then does the motion for entry of a default judgment become ripe.

**Discussion**

Rule 55(c) invests the trial court with discretion to set aside an entry of default. FED. R. CIV. P. 55(c) ("For good cause shown, the court may set aside an entry of default."); *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *see Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006). A district court "enjoys considerable latitude under the 'good cause shown standard' of Rule 55(c) to grant a defendant relief from default entry." *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999). A court should examine three factors to determine whether a defendant has shown "good cause" under the Rule: (1) whether plaintiff suffered or will suffer prejudice as a result of the tardy pleadings; (2) whether defendant has presented a meritorious defense; and (3) whether defendant's

failure to appear and plead was willful. *Hornell Brewing*, 340 F.3d at 353; *see United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). "However, a strong preference for trials on the merits in federal courts" has resulted in a standard such that "a 'glaring abuse' of discretion is not required . . . to relieve a party of the harsh sanction of default." *Shepard Claims*, 796 F.2d at 193; *see also Hornell Brewing*, 340 F.3d at 353; *Marbly v. Department of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001) ("[A] district court abuses its discretion in denying a motion to set aside an entry of default when the first two factors favor setting aside the entry.").

### A.   Prejudice

Plaintiff objects to defendant's motion, asserting nonspecific prejudice as a result of perceived delay by the defendant. "[D]elay alone is not a sufficient basis for establishing prejudice. . . . Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987). I find that plaintiff has not and will not suffer irreparable prejudice if defendant's motion is granted, as any waste of time can be adequately remedied by an award of costs. Therefore, this factor weighs in favor of granting defendant's motion.

### B.   Meritorious Defense

"'In determining whether a defaulted defendant has a meritorious defense [l]ikelihood of success is not the measure . . . [r]ather, if <u>any</u> defense relied upon states a defense good at law, then a meritorious defense has been advanced.'" *INVST Fin. Group*, 815 F.2d at 398-99 (quoting *United Coin*, 705 F.2d at 845). A defense is sufficient if it contains even a hint or suggestion which,

if proven at trial, would constitute a complete defense. The key consideration is "'to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" 815 F.2d at 399 (quoting 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2697 at 531 (1983)). There is more than "some possibility" that the results will be contrary to default if defendant is allowed to proceed with its defenses. Defendant has asserted that both the EEOC and the Michigan Department of Civil Rights have dismissed plaintiff's administrative charge for lack of merit, that plaintiff was not discharged from employment but resigned voluntarily, and that defendant did not act in any way on account of plaintiff's race. These assertions would provide defendant with a good defense, and they are sufficient to justify further proceedings in the case.

      **C.    Culpable Conduct**

To be treated as willful and culpable, the conduct of a defendant must display either an intent to "thwart judicial proceedings" or a "reckless disregard" for the effect of his conduct on those proceedings. *Shepard Claims*, 796 F.2d at 194. In this case, defendant admits that its executive director received the summons and complaint by mail and had actual notice of the pendency of these proceedings. Defendant raises technical objections to the mode of service, however, and asserts that the executive director was new to the job and did not understand her obligations with regard to the summons and complaint. Although this conduct can be deemed careless and neglectful, it does not show an intent to impede the judicial process. Furthermore, when defendant received certified mail from the Clerk of the Court, defendant acted promptly to set aside the default.

In the circumstances of this case, the court is clearly required to exercise its discretion in favor of setting aside the default. The Sixth Circuit favors resolution of cases on their merits, especially where any harm to the innocent party is compensable by an award of costs. In the present case, plaintiff was required to file an unnecessary application for the entry of default and motion for the entry of default judgment, and was further forced to take a half day from work in an effort to attend a hearing that defense counsel missed. The court will therefore grant the motion to set aside the default, conditioned on defendant's payment to plaintiff of $250.00 in costs, to compensate plaintiff for defendant's neglect in both ignoring the summons and complaint and in failing to attend the hearing.

## **Conclusion**

Defendant's motion to set aside the default (docket # 14) will be granted, on conditions. The granting of defendant's motion renders plaintiff's motion for the entry of default judgment moot. That motion will therefore be dismissed.

Dated:  December 19, 2007          /s/  Joseph G. Scoville
                                   United States Magistrate Judge